CASSIBO v BODWIN

Docket Nos. 77717, 77718. Submitted June 5, 1985, at Grand Rapids.
—Decided January 15, 1986.

Plaintiffs, Alexander and Charlotte Cassibo, brought an action for negligence against Mr. and Mrs. George Bodwin, Sr., George Bodwin, Jr., and the City of Mackinac Island Department of Public Works. A separate action was brought against Midge Bodwin. Plaintiffs alleged that Mr. and Mrs. Bodwin allowed their dog to be in the custody of their minor daughter, Midge Bodwin, and that the dog ran loose causing plaintiff Alexander Cassibo to lose control of his bicycle and fall to the pavement where he was struck by a vehicle owned by the City of Mackinac Island Department of Public Works and driven by George Bodwin, Jr. The actions were consolidated. At a jury trial in Mackinac Circuit Court, Nicholas J. Lambros, J., the jury returned a verdict finding no negligence on the part of Midge Bodwin, George Bodwin, Jr., and the city. The jury found Mr. and Mrs. George Bodwin, Sr. negligent but that their negligence was not a proximate cause of Alexander Cassibo's injuries. Consequently, a verdict of no cause of action was entered. Plaintiffs' motion for judgment notwithstanding the verdict or for new trial was denied and plaintiffs appealed from the orders issued in each action. The appeals were consolidated by the Court of Appeals. *Held:*

1. The trial court did not err in denying plaintiffs' motion, filed the day before trial, to amend their pleading to allege violation of a local ordinance requiring dogs to be leashed.

2. The trial court did err in denying the plaintiffs' motion to amend their pleading to add an allegation of violation of a state statute, since violation of a statute creates a rebuttable presumption of negligence and trial courts are required to take judicial notice of statutes. The pleadings set forth sufficient allegations to show, if proven, a violation of the statute. Denial *of the motion was harmless error, however, because the jury*

REFERENCES

Am Jur 2d, Negligence §§ 8, 234-270.
See the annotations in the ALR3d/4th Quick Index under Negligence; Proximate Cause.

found that Mr. and Mrs. Bodwin's negligence was not the proximate cause of Mr. Cassibo's injuries.

3. The trial court properly refused to instruct the jury on the assured clear distance statute and the rear-end collision statute. The evidence did not support the giving of instructions regarding those statutes.

4. The trial court properly denied plaintiffs' request to instruct the jury that tape-recording conversations with witnesses is permissible.

5. The trial court's instruction regarding plaintiffs' failure to present certain evidence was proper.

Affirmed.

1. NEGLIGENCE — VIOLATION OF ORDINANCE — PLEADING.
   Violation of an ordinance is evidence of negligence; however, a violation of an ordinance must be pleaded and proved.

2. NEGLIGENCE — VIOLATION OF STATUTE — PLEADING.
   Violation of a statute creates a rebuttable presumption of negligence and courts are required to take judicial notice of statutes, thus, it is not a fatal defect to fail to plead a statute if the pleadings set forth sufficient facts to show a claim or defense based on that statute.

3. NEGLIGENCE — VIOLATION OF STATUTE — PROXIMATE CAUSE.
   A plaintiff, in order to recover, still must show that a defendant's negligence in violating a statute was the proximate cause of the plaintiff's injury even though the violation of a statute creates a rebuttable presumption of negligence.

4. NEGLIGENCE — JURY INSTRUCTIONS — ASSURED CLEAR DISTANCE.
   A trial court in a negligence action involving an automobile accident need not give a jury instruction on the assured clear distance statute where a party alleges that an object suddenly intersected the assured clear distance.

*Peter J. Riebschleger,* for plaintiffs.

*Barney, Hofmann & Gane* (by *Steven L. Barney),* for defendants Bodwin.

*Rhoades, McKee & Boer* (by *David Bloss),* for defendant city.

Before: R. M. MAHER, P.J., and BEASLEY and SHEPHERD, JJ.

PER CURIAM. Plaintiffs, Alexander and Charlotte Cassibo, filed a lawsuit against defendant alleging that their negligence caused or contributed to injuries suffered by plaintiff Alexander Cassibo in a bicycle accident on the evening of November 21, 1978. The complaint alleged that George Bodwin, Sr. and Mrs. George Bodwin, Sr. allowed their dog to be in the custody of their minor daughter Midge Bodwin and that, while in her custody, the dog ran loose causing plaintiff to lose control of his bicycle and fall to the pavement where he was stuck by a Dodge Powerwagon owned by the City of Mackinac Island Department of Public Works and driven by George Bodwin, Jr.

At the conclusion of the trial, the jury returned a verdict finding no negligence on the part of Midge Bodwin, George Bodwin, Jr., and the City of Mackinac Island Department of Public Works. The jury found Mr. and Mrs. Bodwin, Sr. negligent but also found that their negligence was not the proximate cause of plaintiff's injury. A judgment for no cause of action was entered on February 16, 1984. Plaintiffs' motion for judgment notwithstanding the verdict and/or new trial was denied. Plaintiffs appeal as of right.

Plaintiffs first contend that the trial court committed error in denying plaintiffs' motion to amend their complaint to include allegations that Mr. and Mrs. Bodwin and Midge Bodwin violated MCL 287.262; MSA 12.512 and Mackinac Island City Ordinance 35.201. Both the statute and the ordinance make it unlawful for the owner of a dog to allow the dog to stray unless held properly in leash. The motion to amend was offered on the day before trial. The trial court denied the motion to amend, holding that the amendment would be prejudicial to defendants, who were not prepared to rebut the statute or the ordinance.

It is well established that violation of an ordinance is evidence of negligence. *Bickrode v Wistinghausen,* 128 Mich App 240, 247; 340 NW2d 83 (1983). However, violation of an ordinance must be pleaded and proved. Cf., *Mills v A B Dick Co,* 26 Mich App 164; 182 NW2d 79 (1970); *Tucker v Gillette,* 6 Mich App 210; 148 NW2d 525 (1967). In view of the fact that this motion was filed the day before trial and the fact that the scheduled trial date had been known to plaintiffs for over five months, we hold that the trial court did not err in denying the motion to amend as to the ordinance.

Whereas a violation of an ordinance is only evidence of negligence, violation of a statute creates a rebuttable presumption of negligence. *Massey v Scripter,* 401 Mich 385; 258 NW2d 44 (1977). In addition, courts are required to take judicial notice of all statutes of the state. *Brockschmidt v Verwys,* 73 Mich App 144; 250 NW2d 568 (1977). Thus, it is not a fatal defect to fail to plead a statute if the pleadings set forth sufficient facts to show a claim or defense based on the statute. An amendment to plead the statute is, therefore, in the nature of procedural "housekeeping". In this case, plaintiffs' original complaint alleges a failure to keep the Bodwin's dog properly leashed. Proof of that allegation would also show a violation of the statute. The trial court erred in not permitting plaintiffs to amend their pleadings to allege a violation of MCL 287.262; MSA 12.512.

We find, however, that the error was harmless. The jury found Mr. and Mrs. Bodwin negligent, but that their negligence was not the proximate cause of the injury to plaintiff. While violation of a statute creates a rebuttable presumption of negligence, the plaintiff still must show that such negligence was the proximate cause of his injuries. *Syneszewski v Schmidt,* 153 Mich 438; 116 NW

1107 (1908); *Bensinger v Happyland Shows, Inc,* 44 Mich App 696; 205 NW2d 919 (1973), *lv den* 389 Mich 794 (1973). Any claim of liability on the part of the Bodwins required a showing that their negligence was the proximate cause of the injury. The jury's verdict negates that possibility.

Plaintiffs also contend that the trial court's failure to instruct the jury on the assured clear distance statute, MCL 257.627; MSA 9.2327, and the rear-end collision statute, MCL 257.402; MSA 9.2102, as requested by plaintiffs, constitutes error requiring reversal.

As to the assured clear distance statute, it is proper to refuse to give the instruction where a party alleges that an object suddenly intersected the assured clear distance. *Green v Richardson,* 69 Mich App 133; 244 NW2d 385 (1976), *lv den* 397 Mich 852 (1976). Plaintiffs' theory of the case was that the Bodwin's dog suddenly darted into Alexander Cassibo's path, causing him to swerve into the other lane where he was struck from the rear by a truck driven by George Bodwin, Jr. Plaintiffs' theory negates their own requested instruction. The trial court properly refused to so instruct.

An essential element of the rear-end collision statute is that both vehicles be "proceeding in the same direction". In this case, the evidence clearly showed that the vehicles were not proceeding in the same direction except perhaps momentarily when plaintiff's bicycle swerved into the path of the truck driven by George Bodwin, Jr. Therefore, the trial court properly denied the request to instruct on that statute. *Brownell v Brown,* 114 Mich App 760; 319 NW2d 664 (1982), *lv den* 417 Mich 969 (1983).

Plaintiffs further contend that the trial court committed error in failing to instruct the jury that tape-recording conversations with witnesses is per-

missible. The request apparently stems from a statement by counsel for the Mackinac Island Department of Public Works and George Bodwin, Jr., made during closing argument, to the effect that witness Joseph Gallagher appeared surprised to find that a conversation with plaintiffs' counsel had been secretly taped. Since the statement itself did not constitute error requiring reversal and since the trial court instructed that an attorney may talk with a witness for the purpose of learning what the witness knows about the case and what testimony he or she will give, the trial court did not err in denying plaintiffs' request. *Cf., Wilson v Stilwill,* 411 Mich 587; 309 NW2d 898 (1981).

Finally,[1] plaintiffs argue that the trial court committed error in giving SJI2d 6.01c. The trial court instructed:

> "Now, the plaintiff *[sic]* in this case has *[sic]* not offered the bicycle or the coat into evidence. As this could have been produced by them, you may infer that the evidence would have been adverse to the plaintiffs, if you believe that no reasonable excuse for plaintiffs' failure to produce the evidence has been shown."

We conclude that the facts of this case support giving the instruction. All of the conditions set forth in the "Note on Use" following SJI2d 6.01 were met. The bicycle involved in the accident and

[1] Plaintiffs also argue on appeal that the trial court committed error in denying their motion to amend their complaint to allege defendant City of Mackinac Island Department of Public Works' negligence in maintaining its roadways. In addition, plaintiffs assert that the trial court committed error in denying their motion for production of statements by witnesses and defendants taken by investigators for defendants during their investigation of their accident. However, transcripts of the hearings on those motions were not provided by plaintiffs, as required by GCR 1963, 812.2. Accordingly, we will not disturb the rulings of the trial court in those areas. *Graham v Joseph T Ryerson & Sons,* 96 Mich App 480; 292 NW2d 704 (1980), *lv den* 410 Mich 858 (1980).

the jacket worn by Alexander Cassibo on the night of the accident were under the control of plaintiffs. Plaintiffs offered no reasonable excuse for nonproduction. The evidence was not cumulative and was relevant.

Affirmed.