JOHNSON v BOBBIE'S PARTY STORE

Docket No. 125204. Submitted April 3, 1991, at Lansing. Decided June 4, 1991, at 9:05 A.M.

Lorna J. Johnson brought an action in the Midland Circuit Court against Bobbie's Party Store, seeking damages for injuries sustained in an automobile accident which occurred at the intersection of two roads where the party store is located. The plaintiff alleged that the accident occurred because of the defendant's negligence in allowing parking on its property in a manner which obstructed the view of the drivers of the vehicles involved in the accident. The party store had received a variance from the Midland Township Zoning Board of Appeals when it enlarged the store, because it lacked the requisite front-line setback, with the stipulation that parking would be prohibited in the area in question. The court, Thomas A. Beale, J., granted summary disposition for the defendanat and dismissed the action, finding that the defendant's agreement to the terms of the variance did not create a duty to prevent parking in front of the store. The plaintiff appealed.

The Court of Appeals *held:*

The trial court erred in granting the defendant's motion for summary disposition pursuant to MCR 2.116(C)(8), because the defendant had a duty to maintain its parking lot in a manner that did not create an unreasonable risk of harm to passing motorists. Summary disposition also was not proper under MCR 2.116(C)(10), because material issues of fact were presented.

1. The condition imposed by the grant of the variance was intended to prevent a safety hazard to the motorists entering the intersection. Because the defendant accepted the variance with the stipulation, the failure to comply with the stipulation was evidence of negligence.

2. Where an applicant accepts a variance with a condition

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 898; Zoning and Planning §§ 93, 260, 263.

See the Index to Annotations under Parked or Parking Vehicle; Variances.

that is an indispensable component of the approval, the equitable principle of estoppel makes the condition binding on the applicant.

3. A landowner has a duty to maintain a parking area in a manner so as not to create an unreasonable risk of harm to motorists traveling on adjacent highways.

Reversed and remanded.

ZONING — VARIANCES — VIOLATIONS OF VARIANCES — NEGLIGENCE.

A property owner who accepts a zoning variance with a condition that is an indispensable component of the zoning authority's approval of the variance is bound by the condition under the equitable principle of estoppel; failure to comply with the condition is evidence of negligence where that failure results in injury that the condition was intended to prevent.

*Joseph P. Kierpiec,* for the plaintiff.

*Francis & Wetmore* (by *Floyd E. Wetmore*), for the defendant.

Before: WAHLS, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Plaintiff appeals as of right from a December 27, 1989, Midland Circuit Court order summarily dismissing her negligence claim against defendant, pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10). We reverse.

On August 13, 1982, defendant obtained a variance from the Midland Township Zoning Board of Appeals to enlarge its existing structure located at the corner of Poseyville Road and Ashby Road in Midland Township. A variance was required because the existing structure was nonconforming in that it lacked the requisite front-line setback. The variance was granted with the stipulation that while parking was allowed on the north (the back) and west sides of defendant's building, parking was prohibited on the south side (the front), bordered by Ashby Road, and the east side, bordered

by Poseyville Road. The stipulation was imposed because of the board's concern that parking along the front and east sides of defendant's store would create a hazard for motorists entering the intersection of Poseyville and Ashby Roads, although the intersection was regulated by a flashing red signal.

Following the grant of the variance, defendant was sent a letter dated October 31, 1984, from Richard Roberts, the Midland Township building inspector and zoning enforcement officer which stated in part as follows:

> One of the conditions for granting a variance to enlarge your non-conforming building at 742 Poseyville Road was that parking would be allowed only on the north and west side of the building. There have numerous [sic] occasions when parking has been permitted on the east side of the building which has created difficulty for persons entering Poseyville Road from Ashby Road to see oncoming traffic.
>
> Please correct this safety hazard by preventing parking on the east side of the building.
>
> * * *
>
> Please take care of [this violation] within the next thirty days.

Apparently, defendant did not correct the violation and Mr. Roberts sent a second letter to defendant, dated June 12, 1985, which stated:

> In November of 1984 you received a letter from [the building department] concerning your non-compliance with the conditions of the variance granted to you by the Midland charter township zoning board to enlarge the building located at 742 Poseyville Road. Specifically I am referring to the requirement that no parking shall be allowed on the east side of the building.
>
> In addition to the letter I have contacted you

twice by telephone this year concerning this matter. On both occasions you indicated you would erect "No Parking" signs and put appropriate markings on the blacktop to discourage parking in that area. To date nothing has been done, therefore, I am turning this matter over to William Sinclair, Charter Township of Midland attorney, for further action.

Subsequently, the Midland Township Planning Commission sent a letter to Mr. Roberts, dated February 9, 1987, which stated in part:

The Planning Commission would like to bring a hazardous conditon [sic] to your attention and suggest a couple possible solutions.

Parking is routinely being allowed on the East side of the business located at the Northwest corner of Ashby and Poseyville Roads (Bobbie's Party Store). This is [a hazardous condition] and also in violation of the variance.

When the variance was allowed at the August 12, 1982 Zoning Board of Appeals meeting it was plainly stipulated that there was to be no parking ever on the East side of the store. . . .

The variance was allowed with a stipulation as proposed in a motion . . . that, "No parking in front, staying behind building on Ashby Road on the South. Parking on North and West side of property."

\* \* \*

This stipulation is not being complied with.

Mr. Roberts sent a responsive letter to the planning commission, dated February 27, 1987, stating in part:

The concern that the Planning Commission has expressed with regard to the poor visibility on the North-West corner of Poseyville and Ashby Roads as a result of vehicles parking on the East side of

Bobbie's Party Store is certainly a valid concern. [The building department], as well as the Township Board is aware of this condition and it is presently being addressed.

The Midland County Road Commission has assured us that as soon as weather permits, they will install curbing where the two driveways presently exist on the North-West corner of Poseyville and Ashby Roads.

As a result of letters I sent to Shelly Harvey, owner of Bobbie's Party Store, on October 31, 1984 and June 12, 1985 regarding this situation, "No Parking" signs were placed in the store windows on the East side of the building facing the area in question. It appears that the signs have subsequently been removed.

Shelly Harvey stated in conversation that it was very difficult to prevent vehicles from parking in that area even with the "No Parking" signs posted. Blocking off the dreveways [sic] at the corner of Poseyville and Ashby Roads should alleviate this problem.

After the driveways are blocked off, we will monitor the situation to determine if the hazardous condition still exist [sic].

On June 3, 1987, plaintiff was proceeding south on Poseyville Road when a vehicle driven by Tadd Mapes pulled out onto Poseyville Road from Ashby Road in front of plaintiff, and a collision occurred. In his deposition, Mr. Mapes testified that as he approached the intersection he stopped for the flashing red signal, looked both directions, and then proceeded into the intersection. However, Mr. Mapes testified, his view was obstructed by a pickup truck parked in defendant's parking lot on the corner of Poseyville and Ashby Roads.

The occupants of the pickup truck testified in their depositions that, as Mr. Mapes approached the intersection, he failed to come to a complete stop before proceeding into the intersection.

On January 4, 1989, plaintiff filed her complaint against defendant alleging, inter alia:

> (1) That defendant "owed a duty to the public and in particular, to the plaintiff, to build, maintain, design and construct its parking lot at the intersection of Poseyville Road at or near its intersection with Ashby Road and the surrounding and adjacent areas so as not to create an unreasonable risk of personal injury to the plaintiff and to the public."
> (2) That defendant breached its aforementioned duties.
> (3) That as a direct and proximate cause of defendant's breach, plaintiff was involved in an automobile collision.
> (4) That plaintiff suffered personal injuries which included a broken leg, broken jaw, broken teeth, head contusions, and lacerations to her entire body, resulting in a serious impairment of a bodily function and permanent serious disfigurement and a loss of wages.

On December 15, 1989, following a period of discovery, a hearing was held on defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10). In support of its MCR 2.116(C)(8) motion, defendant argued that it owed no duty to plaintiff to prevent parking on defendant's private parking lot. In support of its MCR 2.116(C)(10) motion, defendant argued that absent a duty on the part of defendant, there was no breach, and thus no liability.

In response to defendant's MCR 2.116(C)(8) motion, plaintiff argued that defendant's agreement to the terms of the variance created a duty to the general public whereby defendant agreed to prohibit parking on the east and south sides of its structure. Plaintiff further argued, by analogy, that as a member of the general public, she was a

third-party beneficiary of the agreement between defendant and the zoning commission.

In response to defendant's MCR 2.116(C)(10) motion, plaintiff presented the various letters from Mr. Roberts and the zoning and planning commissions which indicated that defendant failed to comply with the variance stipulation, as well as the deposition testimony of Mr. Mapes and eyewitnesses of the accident. Further, plaintiff presented evidence that defendant invited parking in the prohibited area. Thus, plaintiff asserted that defendant not only failed to comply with the terms of the variance, but also affirmatively created the hazardous condition.

Following the parties' arguments, the trial court ruled as follows:

> The basis of Defendant's allegations rely on whether or not Defendant owed a duty to the Plaintiff Lorna Johnson.
>
> I have reviewed the briefs, memos, all of the files in this matter and the law involved. It is the opinion of the Court that, one, the Zoning Board of Appeals in establishing whatever it was that they were establishing, well, in establishing a variance, in establishing the variance, they requested that the manager of the store prevent parking in front.
>
> I am of the opinion that that did not establish an official duty on Bobbie's Party Store to do that. It's not a legal duty. I'm also of the opinion that a municipality or a government entinty [sic] cannot with ordinances, rules, variances, regulations establish on a private individual or a residence or a business, however you wanted to state it, a citizen, any duties and liabilities that they have.
>
> It is clear if there was a duty or if there was— let's just say if there was a duty, it cannot be assigned to the citizen just like it can't be assigned, as Mr. Wetmore [defendant's counsel] states in his brief, that a person has to—can't be

liable for injuries arising as a result of the city's failure to maintain sidewalks and the like.

The law has been established in Michigan that a municipality cannot delegate to a private landowner the duty to perform a public function.

Therefore, the opinion of the Court is at that time Zoning Board of Appeals didn't do it. They couldn't do it. That duty did not attach to the landowner. Therefore, if there's no duty on the part of the landowner to do those things that were requested by the Plaintiff in the complaint, the motion for summary disposition must be granted.

To establish a prima facie case of negligence, a plaintiff must prove: (1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached that duty (general and specific standards of care); (3) that the defendant's breach of duty was a proximate cause of the plaintiff's damages (cause in fact and legal cause); and (4) that the plaintiff suffered damages. *Nolan v Bronson,* 185 Mich App 163, 169; 460 NW2d 284 (1990). Normally, the court decides the questions of duty, general standard of care, and legal or proximate cause, while the jury decides the questions of cause in fact, specific standard of care, and damages. *Id.*

The threshold question in any negligence or premises liability action is whether the defendant owed a legal duty to the plaintiff. *Bell & Hudson, PC v Buhl Realty Co,* 185 Mich App 714, 717; 462 NW2d 851 (1990). Unless the defendant owed a duty to the plaintiff, the negligence analysis cannot proceed further. *Id.* "Duty is essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person." *Moning v Alfono,* 400 Mich 425, 438-439; 254 NW2d 759 (1977).

The questions of duty and proximate cause are

interrelated because they both involve a policy determination of whether a legal obligation should be imposed on the defendant to protect the plaintiff against the damage the plaintiff actually suffered. *Nolan, supra,* p 170. Assuming a duty, the standard of care may be established "specifically by mandate of statute, or it may arise generally by operation of law under application of the basic rule of the common law, which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to unreasonably endanger the person or property of others." *Clark v Dalman,* 379 Mich 251, 261; 150 NW2d 755 (1967). Both duty and cause depend on foreseeability— whether it is foreseeable that the actor's conduct may create a risk of harm to the victim, and whether the result of that conduct and intervening causes were foreseeable. *Nolan, supra.*

The general rule is that there is no duty to protect an individual who is endangered by the conduct of a third person. *Sierocki v Hieber,* 168 Mich App 429, 433; 425 NW2d 477 (1988). "In determining whether a legal duty should be imposed, the trial court should balance the societal interests involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence, and the relationship between the parties." *Id.,* p 434.

A defendant's duty, for purposes of premises liability, ends with the boundaries of the premises, and an injury caused by a dangerous condition located outside those boundaries is not the legal responsibility of that defendant. *Ward v Frank's Nursery & Crafts, Inc,* 186 Mich App 120, 131; 463 NW2d 442 (1990). However, this general principle does not necessarily preclude liability where a passerby is injured outside the premises, but as a

result of a danger posed by a condition existing on the defendant's premises. *Id.,* p 132.

This jurisdiction has not addressed the question whether the violation of zoning laws or regulations by the owner of realty affects the owner's liability to one allegedly suffering injury or death as a result of the condition or use of the premises. However, it is well established that whereas a violation of a statute creates a rebuttable presumption of negligence, a violation of an ordinance or administrative rules and regulations is only evidence of negligence. *Cassibo v Bodwin,* 149 Mich App 474, 477; 386 NW2d 559 (1986); *Beals v Walker,* 416 Mich 469, 481; 331 NW2d 700 (1982). However, before the violation of an ordinance, rule, or regulation may be considered as bearing on the question of negligence, the court must determine that the purpose of the ordinance was to prevent the type of injury and harm suffered.

A variance is permission granted by a board of appeals to disregard a literal enforcement of an ordinance. However, while a variance allows for deviation from the letter of an ordinance, it must comply with the spirit and intent of the ordinance. Thus, because a variance is innately tied to a particular ordinance, violation of a variance is comparable to an ordinance infraction.

Section 15 of the state construction code, MCL 125.1515; MSA 5.2949(15), provides:

> (1) After a public hearing a board of appeals may grant a specific variance to a substantive requirement of the code if the literal application of the substantive requirement would result in an exceptional, practical difficulty to the applicant, and if both of the following requirements are satisfied:
>
> (a) The performance of the particular item or part of the building or structure with respect to

which the variance is granted shall be adequate for its intended use and shall not substantially deviate from performance required by the code of that particular item or part of the health, safety and welfare of the people of this state.

(b) The specific condition justifying the variance shall be neither so general nor recurrent in nature as to make an amendment of the code with respect to the condition reasonably practical or desirable.

(2) *A board of appeals may attach in writing any condition in connection with the granting of a variance that in its judgment is necessary to protect the health, safety and welfare of the people of this state.* The breach of a condition shall automatically invalidate the variance and any permit, license and certificate granted on the basis of it. In no case shall more than minimum variance from the code be granted than is necessary to alleviate the exceptional, practical difficulty. [Emphasis added.]

In the instant case, it is clear that the condition imposed by the grant of the variance was intended to prevent a safety hazard to motorists entering the intersection of Poseyville and Ashby Roads. Because, defendant accepted the variance with the stipulation, the failure to comply with that stipulation was evidence of negligence.

Second, the equitable principle of estoppel has some bearing here. In *Orloski v Planning Bd of Borough of Ship Bottom,* 226 NJ Super 666, 679; 545 A2d 261 (1988), the New Jersey reviewing court found that where an applicant accepts a variance with a condition which was an indispensable component of the approval and which was treated by all parties at that time as being a valid limitation, the condition is binding on the applicant, who enjoyed the benefits which flowed from the variance.

Finally, apart from defendant's violation of the

conditional variance, a landowner has a duty to maintain a parking area in such a manner so as not to create an unreasonable risk of harm to motorists traveling on adjacent highways. In this case, the pickup truck was not parked on the public street, but on defendant's private parking lot. As we articulated in *Langen v Rushton*, 138 Mich App 672, 678; 360 NW2d 270 (1984), regarding the owners of shopping malls:

> Unquestionably, society has an interest in the safety of those traveling on public roads and highways. Society, as well as the landowner, benefits from the convenience of shopping center developments located in close proximity to public access. However, that same close proximity poses a serious risk of injury to motorists passing by shopping center parking lots. With the ever-increasing development of shopping centers and malls and the sprawl of adjacent parking lots, it only becomes increasingly difficult for public motorists to avoid routes paved with new development. Where the parking lot of a shopping center abuts a public highway, it is entirely foreseeable that a serious accident may occur between a customer entering or exiting from the parking lot and a highway motorist. Under such circumstances, we think it wholly just to impose a burden upon a defendant landowner to design, develop and maintain a parking area so as to prevent an unreasonable risk of harm to motorists traveling on adjacent highways.
>
> We do not rest our decision on public policy considerations alone. Our courts have long held that a landowner must maintain his or her own land so as not to injure users of an abutting street.

See also *Cavaliere v Adults for Kids*, 149 Mich App 756, 762; 386 NW2d 667 (1986).

Here, accepting all factual allegations in support of plaintiff's claim as true, we conclude that defendant not only agreed to accept the duty of main-

taining its parking lot in a manner so as not to create an unreasonable risk of harm to passing motorists, as a landowner, such a duty was imposed upon defendant through well-established rules of tort liability. Thus, the trial court erred in granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8). Further, summary disposition is never proper when an issue of material fact is present. Giving the benefit of every reasonable doubt to the plaintiff and resolving all reasonable inferences in plaintiff's favor, we are not satisfied that it would be impossible for plaintiff to support her claim at trial. Therefore, the trial court erred in granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10).

Reversed and remanded. We do not retain jurisdiction.