# STATE OF MICHIGAN

# COURT OF APPEALS

CARL L CHRISTIANSEN, JR.,

UNPUBLISHED
May 9, 2017

Plaintiff-Appellant,

v

No. 331795
Kent Circuit Court
LC No. 15-002357-NI

ANDREW H TAZELAAR,

Defendant-Appellee,

and

AUTO CLUB INSURANCE ASSOCIATION,

Defendant.

Before: WILDER, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant Tazelaar (hereinafter defendant)[1] pursuant to MCR 2.116(C)(10). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from a motor vehicle accident that occurred near the intersection of East Paris Avenue and 28th Street in Kentwood, Michigan. On December 23, 2013, at about 1:00 p.m., plaintiff exited a parking lot on the northwest corner of the Paris Avenue/28th Street intersection. Plaintiff intended to go northbound on East Paris Avenue, a five lane road consisting of two lanes each for northbound and southbound traffic and a single center turn lane. To do so, plaintiff needed to turn left out of the parking lot, cross two lanes of oncoming traffic and pass through the center turn lane. Two cars stopped to allow plaintiff to pull out of the

---

[1] Plaintiff also alleged a claim for first-party no-fault benefits against defendant Auto Club Insurance Association (ACIA). The parties stipulated to the dismissal of ACIA from this action. ACIA is not a party to this appeal.

parking lot and cross through the two southbound lanes. Plaintiff exited the parking lot, drove across the southbound through lanes, and started crossing the center turn lane. Defendant was traveling southbound in the center turn lane and struck plaintiff's vehicle on the front driver's side. Plaintiff alleged that he suffered various spinal injuries as a result of the accident.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that plaintiff had not established a genuine issue of material fact that defendant owed a duty to plaintiff or breached any duty owed. After a motion hearing, the trial court issued an opinion and order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). The trial court held that because defendant had the right-of-way, as plaintiff acknowledged, defendant did not owe plaintiff a "sufficient enough duty to sustain this negligence action," and that defendant did not breach the general duty that all motorists owe to each other. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision regarding a motion for summary disposition. *Old Kent Bank v Kal Kustom, Inc*, 255 Mich App 524, 528; 660 NW2d 384 (2003). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual support for a claim and is appropriate when there is no genuine issue concerning any material fact. *Universal Underwriter's Group v Allstate Ins Co*, 246 Mich App 713, 720; 635 NW2d 52 (2001). When deciding a motion for summary disposition pursuant to MCR 2.116(C)(10), we must consider all pleadings, affidavits, depositions, and other documentary evidence in the light most favorable to the nonmoving party. See *Cowles v Bank West*, 476 Mich 1, 32; 719 NW2d 94 (2006). Whether a duty exists and was breached may be decided by the trial court as a matter of law when reasonable minds cannot differ. *Nichols v Dobler*, 253 Mich App 530, 532; 655 NW2d 787 (2002).

## III. ANALYSIS

Plaintiff argues that the trial court erred by holding that plaintiff had failed to establish a prima facie case of negligence. We disagree. For plaintiff to establish a cause of action for negligence, he must prove four elements: (1) that defendant owed a legal duty to plaintiff, (2) that defendant breached his duty, (3) that plaintiff suffered damages, and (4) that defendant's breach was the actual cause and proximate cause of plaintiff's damages. *Romain v Frankenmuth Mut Ins Co*, 483 Mich 18, 21-22; 762 NW2d 911 (2009).

The trial court correctly determined that plaintiff was unable to establish a prima facie case of negligence. Plaintiff contends that he established a prima facie case of negligence by demonstrating that defendant violated MCL 257.634(2) by traveling in the center turn lane for an unreasonable amount of time. Proof of the violation of a statute creates a rebuttable presumption of a prima facie case of negligence. See *Zeni v Anderson*, 397 Mich 117, 129-130; 243 NW2d 270 (1976); *Johnson v Bobbie's Party Store*, 189 Mich App 652, 661; 473 NW2d 796 (1991). MCL 257.634(2) provides:

> [T]he driver of a vehicle may drive the vehicle in any lane lawfully available to traffic moving in the same direction of travel when the lanes are occupied by vehicles moving in substantially continuous lanes of traffic and in any left-hand

lane lawfully available to traffic moving in the same direction of travel for a reasonable distance before making a left turn.

Plaintiff additionally notes that the State of Michigan produces a manual entitled "What Every Driver Should Know." A relevant portion of chapter four of that manual states:

[M]any roads have a center-left-turn-only lane to help traffic flow smoothly. Each outside edge of this lane is marked with a solid yellow line with broken yellow lines on the inside edges. Left turns must be made within this lane and may be made from either direction. Using this lane to pass other vehicles or as a merge lane is both dangerous and illegal.

Yet Plaintiff did not offer any documentary evidence to support the allegation that defendant had violated MCL 257.634(2). Moreover, plaintiff's own deposition testimony revealed that he did not actually see defendant's car do anything wrong, and that plaintiff did not see where defendant's car had entered the turn lane.

The only evidence that supported plaintiff's position were his statements that traffic was backed up all the way to Sparks Drive and that defendant was driving in the turn lane in an attempt to bypass the traffic in the southbound through lanes. Again, however, plaintiff acknowledged that he not only did not see defendant's car do anything improper, and did not know where defendant's car had entered the center turn lane because he did not see defendant's car in the turn lane before the accident happened, but that he was merely speculating about whether defendant was driving in the center turn lane so as to bypass traffic. Therefore, even when viewing the evidence in a light most favorable to plaintiff, plaintiff was unable to make out a prima facie case of negligence, and did not offer evidence that would enable his claim to survive summary disposition under MCR 2.116(C)(10). *Zeni*, 397 Mich at 129-130; *Johnson*, 189 Mich App at 661. Accordingly, summary disposition in favor of defendant was properly granted. *Universal Underwriter's Group*, 246 Mich App at 720.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien

-3-