*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARGOT PARRAGHI, Next Friend of DYLAN
PARRAGHI, A Minor,

UNPUBLISHED
November 3, 2022

Plaintiff-Appellant,

v

No. 358829
Sanilac Circuit Court
LC No. 20-038639-NI

EDWARD CHODYNIECKI,

Defendant-Appellee,

and

HASTINGS MUTUAL INSURANCE COMPANY,

Defendant.

Before: LETICA, P.J., and SERVITTO and HOOD, JJ.

PER CURIAM.

Plaintiff, Margot Parraghi, as next friend of Dylan Parraghi (the minor), appeals as of right the order granting summary disposition in favor of defendant Edward Chodyniecki. In this action alleging injury arising from an automobile collision, the trial court determined that the minor was more than 50% at fault for the accident and granted summary disposition in favor of defendant. We reverse and remand for proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In the first amended complaint,[1] plaintiff alleged that the action arose from an accident between a pick-up truck driven by defendant and an off-road vehicle (ORV) driven by the minor

---

[1] On July 2, 2020, the parties stipulated to allow plaintiff to file a first amended complaint to add defendant Hastings Mutual Insurance Company and an underinsured motorist claim. Because the insurance company is not a party to this appeal, the term "defendant" refers to Chodyniecki only.

at the intersection of Galbraith Line Road and Croswell Road in the city of Croswell. Specifically, the minor was driving his ORV on Galbraith Line Road traveling westbound with the intent to turn left on Croswell Road on August 1, 2019, at 8:00 p.m. It was asserted that the minor was lawfully driving his ORV on the highway because of his intent to cross to the nearest dirt road. Defendant was also traveling westbound on Galbraith Line Road behind the ORV and decided to pass it. When defendant attempted to pass the ORV by moving his vehicle left of center, the minor began to make an allegedly "legal and proper left hand turn onto Croswell Road." A collision occurred between the truck and the ORV as they both moved to the left. The minor was thrown from the ORV and struck his head on the ground.

Plaintiff alleged that defendant breached his duties to obey and drive in conformity with the Motor Vehicle Code (MVC), MCL 257.1 *et seq.*, as well as local county ordinance. Specifically, count I alleged that defendant was negligent or grossly negligent for, among other reasons, failing to drive in a reasonable manner, failing to maintain control of his vehicle, failing to yield the right-of-way, failing to take evasive action, and driving in a manner so reckless as to demonstrate a lack of concern for whether injury resulted. Plaintiff contended that these breaches of duties owed to the minor were the direct and proximate cause of his severe injuries, including a closed head injury and a lacerated spleen. Plaintiff sought damages for current and future injuries.

Defendant moved for summary disposition under MCR 2.116(C)(10). Defendant alleged that he was traveling westbound on Galbraith Line Road when he saw the minor pull out of a private drive onto the roadway in front of him.[2] The ORV was purportedly traveling in the middle of the lane in front of him at approximately 35 miles per hour (mph). At the intersection at Croswell Road, the minor appeared to veer to the far right seemingly indicating that a right-hand turn would occur. However, the minor allegedly did not make any hand signal or use any turn signal. Defendant "proceeded around the ORV on the left" in light of the minor's movement to the right. But, as they drove through the intersection, the minor "veered back left and struck the rear-end of [d]efendant's truck."

Defendant contended that the minor was "illegally operating the ORV" contrary to local county ordinance by failing to operate on the far side of the roadway, traveling in excess of 25 mph, failing to operate front and rear lights, failing to be of legal age (16 years old) and to be supervised by an adult or obtain an ORV safety certificate, and failing to have a valid ORV driver's license. In light of the breaches of the local ordinance, defendant alleged that the minor was prima facie negligent for the collision. Although plaintiff submitted that defendant violated MCL 257.602(b), MCL 257.636, and MCL 257.638, "defendant alleged that there [was] no evidence of any kind to suggest" that he violated those statutes. Indeed, the minor purportedly had no memory of the accident. Therefore, it was submitted that plaintiff relied on "speculation and conjecture" to support the claim of negligence and alleged fault by defendant, and there was no admissible evidence that anyone, other than the minor, was more than 50% at fault for the accident. By statute,

---

[2] Defendant gave a narrative account of his view of the accident and did not cite to the deposition testimony of any party or witness in support.

MCL 500.3135(2), a party may not obtain damages if more than 50% at fault.[3] To support the dispositive motion, defendant submitted an enlarged excerpt of the police report that recorded that distraction was not at issue and air bags did not deploy and a copy of the Sanilac County ORV Ordinance.

Plaintiff filed a response in opposition to defendant's motion. Plaintiff alleged that the minor was 15 years old at the time of the accident and resided on the family farm located off Galbraith Line Road. The minor rode dirt bikes and ORVs since he was "under 10 years of age," and ORV use was common in the farming community. The minor purchased his own ORV which was equipped with working headlights and rear taillights. Before the accident, the minor left Galbraith Line Road headed toward his cousin's home on Wellman Road. Croswell Road was the first dirt road west of the minor's home.

Plaintiff alleged that defendant, then 68 years of age and a licensed driver for nearly 50 years, was driving home to Melville from Port Huron traveling westbound on Galbraith Line Road with family members in his truck. Defendant asserted that the minor was not in close proximity to the truck when the minor drove the ORV onto the roadway, but defendant closed the gap quickly with the ORV because defendant was driving 55 mph. Defendant went into the eastbound lane of travel to pass the ORV. The minor began to turn to the right but quickly moved to the left. Instead of turning right, the minor turned left to proceed southbound on Croswell. The minor was unaware that defendant was passing on the left, and the ORV impacted defendant's truck at the passenger side wheel well. A witness, Juan Alverez, was stopped at the intersection waiting for the minor to pass. He observed the minor thrown from the ORV for 20 to 30 feet. The minor was taken to a local hospital but transferred to Children's Hospital where he remained for a week.

In light of the circumstances and the testimony of witnesses, plaintiff's expert accident reconstructionist Russell Nowiski concluded that defendant was the cause of the accident and violated MCL 257.638, MCL 257.636, and MCL 257.627 of the MVC by failing to travel in a reasonable and proper manner, failing to give due regard to traffic, failing to sound an audible signal, and interfering with the safe operation of a vehicle being overtaken. Consequently, plaintiff submitted that the issue of fault in a negligence action must be determined by the trier of fact. That is, there was ample evidence from which a jury could conclude that defendant's negligent conduct was the sole cause of the minor's injury or at least exceeded 50% of the comparative fault because motorists had an obligation to watch for pedestrians, bicyclists, and ORVs. Plaintiff alleged that defendant's reliance on the local ordinance governing ORVs was misplaced because it allowed operators to travel over asphalt roads to travel to secondary roads. Because factual issues existed

---

[3] In his dispositive brief, defendant alleged that there was no evidence to support plaintiff's allegation that "[d]efendant failed to look before he pulled out of the parking space" or that defendant drove out at a fast speed. It appears that defendant cited to a different case because a parking space was never at issue in the present litigation.

regarding the extent of defendant's negligence and whether the minor was comparatively negligent, plaintiff contended that summary disposition was improper.[4]

In his reply brief, defendant submitted that the minor was prima facie negligent for violating the Sanilac County ORV Ordinance, plaintiff could not overcome the statutory presumption of negligence, and plaintiff could not support her contention that defendant was negligent. Defendant alleged that the statutory provisions of the MVC that he purportedly violated where inapplicable in light of the facts and circumstances pertaining to the accident. And, defendant claimed that plaintiff's expert opinion by Nowiski should be disregarded because the conclusions were "not grounded in fact or reason." Therefore, summary disposition was proper because plaintiff failed to overcome the presumption that the minor was prima facie negligent. Defendant submitted no documentary evidence with the reply brief.

After the parties argued their respective positions[5] before the trial court, it ruled, in relevant part:

> As part of those motions for summary disposition under [(C)(10)] I must look to the light most favorable to the plaintiff with regards to any question of fact. Here there is no question of fact that the plaintiff was 15, did not have license, did not [sic] a farmer's permit, was operating an ORV on the road, was in violation of a Sanilac County Ordinance, making the prima facie case of negligence against [the minor].
>
> The fact pattern is that [the minor] was driving down the lane at an unknown speed, however less than 30 miles an hour approximately, then went to the right for a period of one to one and a half seconds. Sometime around that time or just before, [defendant] was behind him, decided to pass him, was passing him at a speed in all likelihood of 46 to 53 miles per hour in accordance with the affidavit of Mr. Nowiski, who is the plaintiff's expert. He was passing at an intersection or around an intersection and at that time, [the minor] did not use a blinker and turned

---

[4] Although the minor, plaintiff, defendant, and Alverez were deposed, plaintiff submitted limited excerpts from the deposition testimony to oppose summary disposition. She also submitted the medical report from responding Emergency Medical Services (EMS), McLaren Port Huron Hospital records, Detroit Medical Center Hospital records, and the affidavit by accident reconstructionist Nowiski.

[5] During the hearing, defense counsel submitted that the minor had taken a drug on the day of the accident and refused to disclose it to hospital personnel. She further posited that perhaps the minor's memory loss should be attributed to drug use. However, when EMS technicians arrived, the minor asked repetitive questions and attempted to remove the safety restraints causing them to administer the drug known as Versed. When the minor was taken to the hospital, he was not oriented to time and could not follow simple commands. The medical records indicated that the presence of benzodiazepines in the minor's system may be attributed to the EMS administration of the drug Versed. Thus, the defense assertion raised at oral argument was not substantiated with documentary evidence.

into [defendant's] vehicle and hit his vehicle. There was no reason provided by the plaintiff in his brief or in any deposition that I have reviewed indicating that [defendant] had any reason to believe that [the minor] was doing anything other than continuing in his lane, stopping, or going to the right when [defendant] decided to pass. The crux of the plaintiff's argument today seem[s] to become MCL 257.638, which I had indicated earlier, requires the passing vehicle to pass at a safe distance and to ensure that the lane is clearly visible of oncoming traffic. There is no dispute here that that lane was in fact open, that it was clearly visible from oncoming traffic. [Defendant] under the statute had to allow room or to pass without interfering with the safe operation of the vehicle that was overtaken.

In this particular case, I find that [the minor] was not operating the motor vehicle in a safe manner. That he was not safely operating that vehicle while he was being overtaken by [defendant] in the passing lane. He simply turned into him. He didn't give any notice via hand signal or blinker. He turned into him.

I do find that there is no genuine issue of material fact that [the minor] is over 50 percent negligent and I am going to grant the defendant's motion for summary disposition.

From this decision, plaintiff appeals.

## II. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021). Summary disposition is appropriate pursuant to MCR 2.116(C)(10) where there is "no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary disposition challenged under MCR 2.116(C)(10), the court considers the affidavits, pleadings, depositions, admissions, and other admissible documentary evidence then filed in the action or submitted by the parties in the light most favorable to the nonmoving party.[6] MCR 2.116(G)(4), (G)(5); *Buhl v City of Oak Park*, 507 Mich 236, 242; 968 NW2d 348 (2021).

## III. SUMMARY DISPOSITION–BURDEN OF PROOF

Plaintiff first alleges that the trial court erred in granting summary disposition in favor of defendant because he failed to move for and support his motion for summary disposition with admissible documentary evidence. We agree.

The moving party has the initial burden to support his claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence. *Quinto v Cross & Peters Co*,

---

[6] Although plaintiff did not challenge the admissibility and sufficiency of the evidence offered in support of the dispositive motion in the trial court, our review is de novo, and defendant must appropriately support his motion to obtain relief.

451 Mich 358, 362; 547 NW2d 314 (1996); *Meemic Ins Co v DTE Energy Co*, 292 Mich App 278, 281; 807 NW2d 407 (2011) (see also MCR 2.116(G)(2), when a motion is premised on MCR 2.116(C)(10), "affidavits, depositions, admissions, or other documentary evidence may be submitted by a party to support or oppose the grounds asserted in the motion."). The burden then shifts to the nonmoving party to demonstrate a genuine issue of disputed fact exists for trial. *Quinto*, 451 Mich at 362; *Meemic Ins Co*, 292 Mich App at 281. To satisfy this burden, the nonmoving party must present documentary evidence establishing the existence of a material fact, and the motion is properly granted if this burden is not satisfied. *Quinto*, 451 Mich at 362.

In the present case, defendant moved for summary disposition premised on MCR 2.116(C)(10) and presented two documents in support: (A) an *excerpt* of the police report; and (B) the Sanilac County Ordinance governing ORVs. Those documents failed to support entitlement to summary disposition and initiate the burden upon plaintiff to present documentary evidence in opposition. First, police reports generally constitute inadmissible hearsay. MRE 801(c); MRE 802; *In re Forfeiture of a Quantity of Marijuana*, 291 Mich App 243, 254; 805 NW2d 217 (2011). In the present case, defendant did not attach the entire police report in the trial court. The attached document consisted of two pages that focused in on the portions of the police report where the officer was to identify whether distracted driving played a role and whether the airbags deployed, and the report indicated a negative for both inquiries. In light of the fact that the portions of the police report submitted in the trial court did not contain any factual allegations or witness statements regarding the circumstances surrounding the accident, defendant failed to move for and support his motion for summary disposition.

Apparently, defendant intended to submit the entire police report. And, on appeal, defendant asserts that police reports have been admitted in civil cases when the documents were prepared in the ordinary course of business. Irrespective of this general argument, defendant failed to identify or quote specific portions of the police report, classify those portions as admissible evidence or hearsay, and analyze whether, if hearsay, an exception applied to warrant admission. Thus, defendant failed to perform any foundational groundwork to demonstrate that a police report and its contents were admissible in the present case.

Moreover, defendant's submission of the local ordinance governing ORVs, in and of itself, did not trigger plaintiff's burden to present documentary evidence. Indeed, defendant failed to submit with the ordinance any affidavit from a local official that it had searched its records and determined that the minor did not satisfy the local registration and licensing requirements such that the minor was qualified to operate an ORV on local roads. Furthermore, defendant did not attach deposition testimony wherein the minor or plaintiff were questioned regarding the specifics of the operation of the ORV and whether it complied with the local ordinance. Thus, defendant did not move for and support his motion for summary disposition. *Quinto*, 451 Mich at 362; *Meemic Ins Co*, 292 Mich App at 281. Therefore, the burden did not shift to plaintiff to demonstrate a genuine issue of material fact with admissible evidence. The trial court erred in granting summary disposition under the circumstances.

## IV. SUMMARY DISPOSITION–QUESTION OF FACT

Plaintiff also contends that the trial court erred in granting defendant's motion for summary disposition because there were genuine issues of material fact regarding the comparative fault of the parties.[7]  We agree.[8]

"To establish a prima facie case of negligence, a plaintiff must prove that '(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages.' " *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012) (citation omitted).  The doctrine of contributory negligence was replaced with the more just and equitable approach of comparative negligence.  *Placek v Sterling Hts*, 405 Mich 638, 679; 275 NW2d 511 (1979).

MCL 600.2959, Michigan's comparative fault statute, provides:

> In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the court shall reduce the damages by the percentage of comparative fault of the person upon whose injury or death the damages are based as provided in section 6306 or 6306a, as applicable.  If that person's percentage of fault is greater than the aggregate fault of the other person or persons, whether or not parties to the action, the court shall reduce economic damages by the percentage of comparative fault of the person upon whose injury or death the damages are based as provided in section 6306 or 6306a, as applicable and noneconomic damages shall not be awarded.

---

[7] As an initial matter, we note that the minor was 15 years old at the time of the accident.  The parties do not address the standard that applies to a minor in a negligence action.  In Michigan, when a child is under the age of seven, it is conclusively presumed that the child is incapable of committing negligent acts.  See *Queens Ins Co v Hammond*, 374 Mich 655, 658; 132 NW2d 792 (1965); *Estate of Goodwin v Northwest Mich Fair Ass'n*, 325 Mich App 129, 159-160; 923 NW2d 894 (2018).  However, Michigan's longstanding policy is to hold all drivers, including minors, to an adult standard of care.  *Stevens v Veenstra*, 226 Mich App 441, 443; 537 NW2d 341 (1997). "A minor who engages in an adult activity that is dangerous, e.g., driving an automobile, is charged with the same standard of conduct as an adult." *Id*.  (citations omitted.)  Accordingly, although the action is brought on behalf of a minor, the legal standard applicable to an adult is at issue in this case because it involves the dangerous activity of driving that resulted in an automobile collision.

[8] On appeal, the parties submit that the minor was entitled to an inference of negligence by defendant because of memory loss caused by the accident.  Because neither party presented pertinent testimony that the minor suffered memory loss caused by the accident, we do not address this contention.  The preserved arguments in the trial court addressing violations of the MVC were sufficient to resolve the issues raised on appeal.

However, in the context of a third-party action brought under the no-fault act, MCL 500.3135 addresses tort liability for *noneconomic* loss and provides in pertinent part:

(1) A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.

(2) For a cause of action for damages under subjection (1) or (3)(d), all of the following apply:

(a) The issues of whether the injured person has suffered serious impairment of body function or permanent serious disfigurement are questions of law for the court if the court finds either of the following:

(*i*) There is no factual dispute concerning the nature and extent of the person's injuries.

(*ii*) There is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination whether the person has suffered a serious impairment of body function or permanent serious disfigurement. However, for a closed-head injury, a question of fact for the jury is created if a licensed allopathic or osteopathic physician who regularly diagnoses or treats closed-head injuries testifies under oath that there may be a serious neurological injury.

(b) *Damages must be assessed on the basis of comparative fault, except that damages must not be assessed in favor of a party who is more than 50% at fault.* [Emphasis added.]

Defendant moved for summary disposition asserting that the minor violated the local ORV ordinance, and therefore, was prima facie negligent. The Sanilac County ORV Ordinance, No. 2010-1, provides in pertinent part:

**Section 2.** An ORV may be operated on the far right of the maintained portion of a road within the County with these exceptions:

a) All State Trunkline Roads.

b) All County Primary (Asphalt) Roads, however allowing ingress and egress to a destination, not to exceed one mile, or first Secondary road.

c) Provided however, that in the event that either the Road Commission has CLOSED, or in the event a Township has adopted an Ordinance or Resolution which CLOSED, certain road(s)[] to ORV use, pursuant to MCL 324.81131(4), operation otherwise permitted under this Ordinance shall not be considered authorized, with respect to such closed road(s).

d) This Ordinance is not intended to authorize the operation of an ORV on a street or [] highway which is under jurisdiction of a municipality, nor upon a State Trunkline Highway.

\* \* \*

**Section 4.** An ORV may not be operated on the road surface, roadway, shoulder or right-of-way of any state or federal highway in the County.

**Section 5.** Except as set forth herein or otherwise provided by law, an ORV meeting all of the following conditions may be operated on a road or street in the County;

a) At a speed of no more than 25 miles per hour or a lower posted ORV speed limit.

b) By a person not less than 12 years of age.

c) With the flow of traffic.

d) In a manner which does not interfere with traffic on the road or street.

e) Traveling single file except when overtaking and passing another ORV.

f) When visibility is not substantially reduced due to weather conditions.

g) While displaying a lighted headlight and lighted taillight at all hours.

h) While the operator and each passenger is wearing a crash helmet and protective eyewear approved by the United States Department of Transportation unless the vehicles is equipped with a roof that meets or exceeds standards for a crash helmet and the operator and each passenger is wearing a properly adjusted and fastened seat belt.

i) With a throttle so designed that when the pressure used to advance the throttle is removed, the engine speed will immediately and automatically return to idle.

j) While the ORV is equipped with a spark arrester type United States Forest Service approved muffler in good working order and in constant operation.

k) Pursuant to noise emission standards defined by law.

**Section 6.** A child less than 16 years of age shall not operate an ORV on a road or street in the County unless the child is under the direct visual supervision of an adult and the child has in his or her immediate possession a Michigan issued ORV safety certificate or a comparable ORV safety certificate issued under the authority of another state or a province of Canada.

**Section 7.** Unless a person possesses a valid driver's license, a person shall not operate an ORV on a road or street in the County if the ORV is registered as a motor vehicle and is either more than 60 inches wide or has three wheels.

* * *

**Section 9.** In a court action in this state, if competent evidence demonstrates that a vehicle is permitted to operate on a road or street pursuant to the code was in a collision with an ORV required to be operated on the far right of the maintained portion of a road or street pursuant to this ordinance, the operator of the ORV shall be considered prima facie negligent.

**Section 10.** Any person who violates this ordinance is guilty of a municipal civil infraction and may be ordered to pay a civil fine of not more than $500.00.

Defendant relied on this ordinance in support of summary disposition, submitting that the minor violated it because he was unlicensed and not under adult supervision when he rode his ORV on the roadway in the lane of travel. Accordingly, defendant contends that the minor was more than 50% at fault, and the trial court appropriately granted summary disposition. However, defendant did not present the deposition testimony or other admissible evidence from plaintiff, the minor, or a county official to address the ORV and any registration and operation on the roadway. As noted when addressing Issue I, defendant did not present documentary evidence demonstrating that the minor was in violation of the ORV ordinance.

Even assuming without deciding that the ORV ordinance was violated by the minor, we conclude that the ordinance violation terms were insufficient to conclude that the minor was more than 50% at fault for the accident. "[I]t is well established that whereas a violation of a statute creates a rebuttable presumption of negligence, a violation of an ordinance or administrative rules and regulations is only evidence of negligence." *Johnson v Bobbie's Party Store*, 189 Mich App 652, 661; 473 NW2d 796 (1991). "However before the violation of an ordinance, rule, or regulation may be considered as bearing on the question of negligence, the court must determine that the purpose of the ordinance was to prevent the type of injury and harm suffered." *Id*. Thus, there must be a correlation between the rationale underlying the ordinance and the injury.

In the present case, the trial court conducted no analysis of the purpose of the ordinance and whether it was designed to prevent the type of injury and the harm suffered. Section 9 of the ordinance permits, "[i]n a court action in this state," evidence that the operator of the ORV is prima facie negligent when there is a collision "with an ORV required to be operated on the far right of the maintained portion of a road or street pursuant to this ordinance." We can surmise that the purpose of the ORV ordinance was to ensure that there were minimal qualifications and training for individuals as young as 16 years of age that operate an ORV on local roads. Further, the ordinance provided local officials with immunity from any liability arising from the use of an ORV on roads; the ability to fine individuals that violated the ordinance; and the ability to collect funds for damages to the road committed by ORV operation with the allocation of the funds to the county treasurer. However, to the extent that an individual that drives a vehicle negligently and then collides with the operator of an ORV, the ordinance was not intended to benefit the negligent driver by presuming that the ORV operator was negligent for seemingly administrative deficiencies. Yet,

-10-

the trial court failed to make this determination in accordance with the *Johnson* decision. Thus, any violation of the terms of the ordinance by the minor, if evidence had been presented by defendant, was insufficient to establish that the minor was more than 50% at fault for the accident.

To oppose the defense motion for summary disposition, plaintiff presented the affidavit of Nowiski, an expert in accident reconstruction with over 1,000 accidents investigated. Nowiski opined that the ORV ordinance allowed ORV operators to use asphalt or primary roadways to ingress or egress to first secondary (gravel) roadways. After considering the testimony of Alverez and defendant, Nowiski concluded that defendant was in the process of overtaking plaintiff before plaintiff even engaged in any preparation to turn. The affidavit concluded in relevant part:

11. Based on our investigation, Plaintiff started to slow down for Croswell Road. Defendant began to overtake Plaintiff by starting to enter the eastbound lane of traffic east of the intersection. Upon Defendant progressing through the overtaking maneuver and observing Plaintiff starting to turn left, Defendant reacted by applying his brakes and steering left. However, contact was made with the right rear box side of Defendant's truck with the left rear side of Plaintiff's ORV.

12. Based on our investigation, there is no evidence Defendant signaled with an audible signal prior to commencing the overtaking maneuver as required per MCL 257.636.

13. Secretary of State in the booklet "What Every Driver Must Know", a driver is not supposed to pass within 100 feet of an intersection as it can put multiple drivers in a dangerous position.

14. Based on the testimony and my reconstruction in my opinion, Defendant, given his age and experience, should not have attempted to overtake the slower moving ORV at the intersection before knowing the Plaintiff's path of travel.

15. In my opinion, Plaintiff was not the cause of the accident.

16. In my opinion, Defendant was the cause of the accident and violated MCL 257.638, 257.636, and 257.627 by not traveling in a reasonable and proper manner, having due regard to the traffic, surface, and width of the highway and of any other condition, by not sounding an audible signal, and interfering with the safe operation of a vehicle approaching from the opposite direction or the vehicle overtaken.

17. That when called upon to testify, I will provide testimony via video deposition that supports the above-noted statements.

Defendant submitted that this affidavit should be disregarded because the statutes cited were inapplicable. But MCL 257.627 addresses speed limits and provides, in pertinent part:

(1) A person operating a vehicle on a highway shall operate that vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other

condition existing at the time. A person shall not operate a vehicle upon a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead.

Defendant was estimated to be traveling at a rate of 46 to 53 mph. In his testimony, defendant purportedly acknowledged that the minor pulled out onto the roadway and was at least a quarter mile ahead. Yet, defendant closed the gap with the minor's ORV and chose to pass the minor at an intersection. According to Alverez, he was stopped at Croswell Road waiting for the minor on the ORV to pass. The minor seemingly began to turn to the right, but this indication only lasted for 1 to 1 ½ seconds before the minor turned to the left. Defendant notes that the minor struck the rear passenger wheel well. Presumably, when deposed or at trial, Nowiski would be asked to address whether the location of the impact was contingent on the speed at which defendant traveled, particularly in light of his ultimate conclusion that defendant, not the minor, caused the accident.[9]

Thus, the affidavit by Nowiski was sufficient to create a factual issue regarding negligence and the percentage of fault. Where reasonable minds could differ regarding the comparative negligence of a party, the issue presents a question for resolution by the trier of fact. See *Rodriquez v Solar of Mich, Inc*, 191 Mich App 483, 488; 478 NW2d 914 (1991).

It should be noted that defendant concluded that the minor did not have headlights and brake lights on the ORV and did not signal his turn. He therefore claims entitlement to summary disposition in light of this purportedly unrefuted and uncontroverted evidence. However, when ruling on a dispositive motion, the court does not determine the credibility of the witnesses. *White v Taylor Distrib Co*, 482 Mich 136, 139; 753 NW2d 591 (2008). When the truth of a material factual assertion made by a moving party is contingent on credibility, summary disposition should not be granted. *Foreman v Foreman*, 266 Mich App 132, 135-136; 701 NW2d 167 (2005). The minor testified that his ORV did not have turn signals, but he alleged that he made hand signals.[10] Although the minor purportedly had no recollection of the accident, defendant's testimony

---

[9] In its ruling granting summary disposition, the trial court seemed focused on the allegation that the minor failed to signal his turn. But this "fact" was contingent on the credibility of defendant's testimony. Further, the court cited to the "fact" that the minor turned into the rear portion of defendant's truck. It seems that an accident reconstructionist or other expert could address whether the minor ever saw defendant's truck and nonetheless turned into it or whether the speed at which defendant traveled determined the ultimate location of the impact between the ORV and defendant's truck. Indeed, Alverez commented on how quickly the accident occurred and that he did not see defendant's truck.

[10] Because the minor's full deposition transcript was not submitted in the trial court, it is unknown whether the minor was asked if he had any recollection of signaling before the accident or if he did so as a matter of course. Additionally, the complete transcript of Alverez's testimony was not submitted, and it is unknown whether he was questioned regarding any observation of the minor's use of a hand signal.

regarding the minor's action or inaction should not be accepted as a matter of course because it presented a credibility determination.

Additionally, Nowiski opined that MCL 257.638 was violated by defendant. The statute addresses overtaking and passing on left another vehicle and provides:

(1) A vehicle shall not be driven to the left side of the center of a 2-lane highway or in the center lane of a 3-way highway in overtaking and passing another vehicle proceeding in the same direction unless the left side or center lane is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit the overtaking and passing to be completely made without interfering with the safe operation of a vehicle approaching from the opposite direction or the vehicle overtaken.

(2) A person who violates this section is responsible for a civil infraction.

Again, defendant opines that there is no basis for a violation of this section. However, defendant arguably failed to pass the ORV (the vehicle overtaken) without interfering with its safe operation as reflected by the accident. Indeed, if defendant had waited to pass the ORV *after* the intersection, there would have been no mistake regarding the minor's intent to execute a turn at the intersection and the direction in which he chose to proceed.

Thus, we conclude that plaintiff's expert affidavit and its reliance on alleged violations of the MVC was sufficient to create a factual issue regarding comparative negligence that precluded summary disposition. The trial court erred in granting defendant's motion for summary disposition.[11]

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs. MCR 7.219(A).

/s/ Anica Letica
/s/ Deborah A. Servitto
/s/ Noah P. Hood

---

[11] The parties dispute Nowiski's reliance on a provision of the Secretary of State's instructional manual advising that a passing or overtaking vehicle should not do so within 100 feet of an intersection. This provision previously appeared in MCL 256.315, repealed effective September 23, 1949. Portions of MCL 256.315 were subsequently recodified in MCL 257.639, but the 100-foot intersection provision was not reenacted. Although the intersection provision was not reenacted, it could be argued that the provision was subsumed within other provisions of the MVC.