GELMAN SCIENCES, INCORPORATED v THE DOW CHEMICAL
COMPANY

Docket Nos. 147569, 147735. Submitted January 12, 1993, at Lansing.
Decided August 24, 1993; approved for publication October 28,
1993, at 9:15 A.M.

Gelman Sciences, Incorporated, brought an action in the Washtenaw Circuit Court against The Dow Chemical Company, PVS-Nolwood Chemicals, Incorporated, and others, alleging that an industrial solvent made or sold by the defendants and purchased and used by it had caused its property to become contaminated and claiming, among other things, that because of the manufacture and sale of the solvent the defendants were liable on the bases of nuisance and trespass. The trial court, Patrick J. Conlin, J., denied the defendants' motions for partial summary disposition with respect to the nuisance and trespass claims. PVS-Nolwood Chemicals appealed by leave granted, and Dow Chemical and the other defendants appealed by leave granted. The appeals were consolidated.

The Court of Appeals held:

The trial court erred in denying the motions for partial summary disposition with respect to the nuisance and trespass claims. A nuisance action involving a commercial transaction requires control of the nuisance by the defendant at the time of the injury. Because the defendants relinquished all control over the solvent when they sold it, they are not subject to a nuisance action. Further, the defendants are not subject to a trespass action, because there is no evidence of any unauthorized entry by the defendants upon the plaintiff's land.

Reversed and remanded.

*Cooper, Fink & Zausmer, P.C.* (by *David H. Fink, Brent S. Triest* and *Alan D. Wasserman*), for the plaintiff.

*Akin, Gump, Hauer & Feld, L.L.P.* (by *Jeffrey K. Sherwood, David C. Allen,* and *Luis R. Mejia,* pro hoc vice), (*Kelley & Cramer,* by *Peter J. Kelley*

and *Kathryn L. Duhamel,* of Counsel), for the Dow Chemical Company, et al.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Janet Callahan Barnes* and *Thomas D. Allen*), for PVS-Nolwood Chemicals, Incorporated.

Before: BRENNAN, P.J., and CAVANAGH and CORRIGAN, JJ.

PER CURIAM. In these consolidated cases, defendants appeal by leave granted from the trial court's order denying their motions for partial summary disposition of plaintiff's claims of nuisance and trespass. Defendants contend that the trial court erred in finding that there was a dispute of fact concerning whether defendants were liable under either of these two theories of recovery. We agree.

According to the record, plaintiff purchased from the defendants an industrial solvent to use in its manufacturing process. Waste water from this process was discharged into the surrounding environment and resulted in the contamination of plaintiff's property. Plaintiff filed suit against the defendants, alleging, in part, that by manufacturing and selling the industrial solvent, the defendants created a nuisance on plaintiff's property and also committed a trespass.

Defendants moved for partial summary disposition, arguing that they had no control over the industrial solvent after it was sold, never owned the property upon which plaintiff operated its manufacturing and waste disposal activities, and never owned any of plaintiff's stock. Consequently, defendants claimed they were not liable under the theories advanced by plaintiff. Plaintiff responded that liability could be established because the

defendants participated in the creation of the nuisance by failing to warn their customers that the industrial solvent was resistant to biodegradation.

In denying defendants' motions for partial summary disposition, the trial court decided that if "they knew of the toxic condition of the chemical, the chemical company should be held responsible for conditions the chemical has created."

We have no quarrel with the trial court when it comes to the potential responsibility of "the chemical company." Where we differ is in the theories of recovery available to the plaintiff. Generally, nuisance liability may be imposed where (1) the defendant has created the nuisance, (2) the defendant owned or controlled the property from which the nuisance arose, or (3) the defendant employed another to do work that he knew was likely to create a nuisance. *Radloff v Michigan,* 116 Mich App 745, 758; 323 NW2d 541 (1982).

If a commercial transaction is involved, control of the nuisance at the time of injury is required. *Detroit Bd of Ed v Celotex (On Remand),* 196 Mich App 694, 712; 493 NW2d 513 (1992). Because a seller in a commercial transaction relinquishes ownership and control of its products when they are sold, it lacks the legal right to abate whatever hazards its products may pose. *Id.* In such a setting, the purchaser's proper remedies are products liability actions for negligence or breach of warranty. *Id.* at 712-713.

In this case, the trial court erred in denying defendants' motions for the summary disposition of plaintiff's claims of nuisance and trespass. Plaintiff's nuisance claim cannot be sustained because there is no evidence that the defendants controlled the nuisance at the time of injury. With regard to the trespass claim, trespass is an invasion of the plaintiff's interest in land. Prosser &

Keeton, Torts (5th ed), § 87, p 622. And every unauthorized entry upon the private property of another constitutes a trespass. *Giddings v Rogalewski,* 192 Mich 319; 158 NW 951 (1916). Plaintiff's trespass claim cannot be sustained because there is no evidence of any unauthorized entry onto its land.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.