# STATE OF MICHIGAN

# COURT OF APPEALS

PAMELA J. ARSENAULT,

       Plaintiff-Appellant,

v

DESIGNER WEARHOUSE CENTER, INC.,

       Defendant-Appellee.

UNPUBLISHED
October 28, 2014

No. 316381
Wayne Circuit Court
LC No. 11-014017-NO

Before: OWENS, P.J., and JANSEN and O'CONNELL, JJ.

OWENS, P.J. (*dissenting*).

I respectfully dissent from the majority opinion and would affirm the trial court's order granting defendant's motion for summary disposition.

I disagree with the majority's conclusion that this is not a premises-liability case. An action sounds in premises liability when an injury develops because of a condition on the land, rather than from activity or conduct that created the condition. *James v Alberts*, 464 Mich 12, 18-19; 626 NW2d 158 (2001). By reading the complaint as a whole, it is clear that plaintiff alleged that her injuries resulted from defendant's failure to reasonably maintain the premises in a safe condition and to protect customers from falling mannequins, which were a fixture in the store. This sounds in premises liability. Claims plaintiff made in response to defendant's summary disposition do not control the classification of an action, as "[i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007).

As a business invitee, defendant owed plaintiff a duty "to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). A storekeeper has the duty to provide reasonably safe aisles for customers, and will be liable for injuries caused by unsafe conditions if (1) the condition was caused by the active negligence of the storekeeper or its employees, (2) the storekeeper or its employees actually knew about the condition, or (3) it was of such a character or had existed for a sufficient length of time that the storekeeper or its employees should have known about it. *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001).

-1-

In this case, there is no evidence that the mannequin fell due to the active negligence of defendant or its employees, or that defendant or its employees had actual knowledge of the mannequin's condition. Plaintiff admitted in her deposition that Greg Robertson, the store employee who was assisting her at the time, could not have knocked the mannequin loose given his location in the store. Further, the only evidence submitted by plaintiff was her deposition and selected medical records. Plaintiff did not provide any evidence to show that defendant or its employees actually installed the mannequin or that it was even installed improperly.

The crux of plaintiff's argument appears to focus on the third prong of the test for storekeeper liability, in that plaintiff argues that the facts give rise to an inference of constructive notice. Specifically, plaintiff argues that a securely fixed mannequin would not fall, and thus, defendant must have installed it improperly or known that it was unstable. However, this inference amounts to nothing more than speculation. There is no evidence that the placement of the mannequin was of such a character or had existed for a sufficient length of time that defendant or its employees should have known about its instability. Rather, it is equally as likely that another customer may have jostled the mannequin loose and left the store shortly before plaintiff arrived. This equally plausible explanation would require the trier of fact to speculate as to how the mannequin fell. See *Skinner v Square D Co*, 445 Mich 153, 164; 516 NW2d 475 (1994) (stating that it is insufficient to submit a causation theory that is "just as possible as another theory"). "A party opposing a motion for summary disposition must present more than conjecture and speculation to meet its burden of providing evidentiary proof establishing a genuine issue of material fact." *Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 192–193; 540 NW2d 297 (1995). Further, the burden is on the plaintiff to "present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Skinner*, 445 Mich at 164-165. On this record, I conclude that plaintiff failed to meet her burden of proof. When viewing the evidence in the light most favorable to plaintiff, there was insufficient evidence to support plaintiff's theories that the active negligence of defendant's employees caused the mannequin to fall, or that defendant had actual or constructive notice of the mannequin's condition. Therefore, I would conclude that the trial court did not err by granting defendant's motion for summary disposition.


/s/ Donald S. Owens

-2-