*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PETER BORMUTH,

Plaintiff-Appellant,

v

CITY OF JACKSON and DEREK DOBIES,

Defendants-Appellees.

UNPUBLISHED
June 23, 2022

No. 357292
Jackson Circuit Court
LC No. 20-001393-CZ

Before: GLEICHER, C.J., and SAWYER and GARRETT, JJ.

PER CURIAM.

Plaintiff Peter Bormuth unsuccessfully applied for a seat on the Jackson City Council. He sued the city of Jackson and its then-mayor, Derek Dobies, claiming that his rejection stemmed from religious discrimination in violation of the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*. Because Bormuth failed to present any evidence that animus toward his Paganism tainted the selection process, we affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Bormuth is a resident of Jackson's 5th Ward who has been a community activist for many years. Central to this case is Bormuth's adherence to Paganism, which he describes as a "polytheistic religion" whose followers "hold a reverence for nature" and believe that "Christianity is the single most evil, repressive, and reactionary force in recorded human history."

In April 2020, following the resignation of the city's 5th Ward council member, a vacancy arose for that seat. The city charter charged the city council with the task of appointing an interim replacement to fill the vacancy. Bormuth applied for the position, along with Susan Murdie and Karen Bunnell. According to Bormuth, Murdie is an atheist and Bunnell is a Christian. The city council held recorded interviews with each applicant. Bormuth was not nominated for appointment by any council member, and Murdie's nomination failed for lack of a second. Bunnell was nominated and seconded by Dobies, and Bunnell's nomination was approved by a 4-2 vote. Dobies, 1st Ward Councilperson Arlene Robinson, 4th Ward Councilperson Laura Schlecte, and 6th Ward Councilperson Will Forgrave voted in favor of Bunnell's appointment.

Proceeding *in propria persona*, Bormuth filed this lawsuit, alleging that defendants violated the ELCRA by intentionally discriminating against him on the basis of religion when they voted to appoint Bunnell to the vacant city council seat.[1] Defendants moved for summary disposition, arguing in part that Bormuth failed to present any evidence that the circumstances of Bunnell's council appointment gave rise to direct evidence, or an inference, of unlawful discrimination. The trial court granted defendant's motion for summary disposition, and this appeal followed.[2]

## II. ANALYSIS

Bormuth argues that summary disposition was improper because he presented sufficient evidence that defendants discriminated against him on the basis of religion by refusing to appoint him to the city council.

### A. STANDARD OF REVIEW

We review the trial court's decision to grant summary disposition de novo. *Brickey v McCarver*, 323 Mich App 639, 641; 919 NW2d 412 (2018). The trial court granted summary disposition on Bormuth's religious discrimination claim pursuant to MCR 2.116(C)(10). When reviewing a motion for summary disposition under MCR 2.116(C)(10), the trial court considers facts set forth in affidavits, depositions, and other documentary evidence in the light most favorable to the nonmoving party. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id.* Mere speculation is insufficient to satisfy the evidentiary burden to create a genuine issue of material fact. *Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 192-193; 540 NW2d 297 (1995).

### B. CONTROLLING LAW

Bormuth brought his religious discrimination claim under the ELCRA, which provides in relevant part:

(1) An employer shall not do any of the following:

(a) *Fail or refuse to hire* or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, *because of religion*, race, color, national

---

[1] Bormuth's amended complaint named the city of Jackson, Dobies, Councilperson Schlecte, and Councilperson Robinson as defendants, but the trial court later dismissed the complaint against Schlecte and Robinson pursuant to a stipulation from the parties.

[2] The trial court also granted summary disposition in favor of defendants on Bormuth's claims of intentional infliction of emotional distress and violations of city ordinances. Bormuth does not appeal the trial court's dismissal of those claims, and therefore we do not address them.

origin, age, sex, height, weight, or marital status. [MCL 37.2202 (emphasis added).][3]

"Proof of discriminatory treatment in violation of the [ELCRA] may be established by direct evidence or by indirect or circumstantial evidence." *Sniecinski v Blue Cross & Blue Shield of Mich*, 469 Mich 124, 132; 666 NW2d 186 (2003). Direct evidence is "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Major v Village of Newberry*, 316 Mich App 527, 540; 892 NW2d 402 (2016) (quotation marks and citation omitted). When the plaintiff lacks direct evidence of unlawful discrimination, the plaintiff must instead proceed under the burden-shifting framework of *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973). *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001).

Under the *McDonnell Douglas* approach, a plaintiff must first establish a prima facie case of discrimination. *Id*. at 463. To make this showing, "a plaintiff must present evidence that (1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) her failure to obtain the position occurred under circumstances giving rise to an inference of unlawful discrimination." *Sniecinski*, 469 Mich at 134. A plaintiff can establish an inference of unlawful discrimination by presenting evidence of disparate treatment, meaning that the plaintiff was "treated unequally to a similarly situated employee who did not have the protected characteristic." *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 608; 886 NW2d 135 (2016). A "similarly situated" employee is an individual who is " 'nearly identical' to the plaintiff in all relevant respects." *Id*., quoting *Town v Mich Bell Tel Co*, 455 Mich 688, 699-700; 568 NW2d 64 (1997) (opinion by BRICKLEY, J.). If a plaintiff sufficiently establishes a prima facie case of discrimination, a rebuttable presumption of discrimination exists. *Hazle*, 464 Mich at 464. The burden then shifts to the defendant to "articulate a legitimate, nondiscriminatory reason for its employment decision." *Id*. If a defendant produces the necessary evidence, the burden shifts back to the plaintiff to demonstrate that the reason offered by the defendant was pretextual for unlawful discrimination. *Id*. at 465-466.

---

[3] Bormuth argues that he is an "employee" within the meaning of the ELCRA, an issue first raised by the trial court. It was unnecessary for the trial court to address this issue because Bormuth has never been an "employee" of defendants, and the plain language of MCL 37.2202(1)(a) does not limit its scope to employees. For purposes of this appeal, we assume without deciding that the ELCRA recognizes a failure-to-hire claim brought by a *nonemployee* seeking appointment to city council. See *McClements v Ford Motor Co*, 473 Mich 373, 386; 702 NW2d 166 (2005), amended 474 Mich 1201 (2005) (noting that MCL 37.2202(1)(a) "clearly envision[s] claims by nonemployees for the failure or refusal to hire").

## C. APPLICATION

Bormuth first argues that he presented direct evidence of religious discrimination under the ELCRA.[4] He suggests that Dobies refused to appoint him to any positions based on his religious speech protesting the use of herbicides in a local cemetery. Specifically, Bormuth alleges that after he called the city parks director "Christian scum" regarding a dispute about this herbicide issue, Dobies sent the police to his home to silence his free speech. Not only does Bormuth fail to explain how these allegations relate to the appointment decision at issue on appeal, but he did not raise a free speech claim in his complaint. Therefore, this argument lacks merit.

Bormuth also points to a 2019 e-mail sent by Dobies as direct evidence of discrimination. In the e-mail, Dobies rhetorically asked Bormuth if he believed that a city councilperson who used the phrase "Pagan scum" would be serving public office well. This e-mail does not constitute direct evidence of discrimination for two reasons. First, the e-mail purportedly related to Dobies's decision as mayor to not appoint Bormuth to various city boards to which he had applied. As previously noted, Bormuth abandoned any argument with respect to religious discrimination in these miscellaneous appointments. Second, although the content of a statement may constitute direct evidence of unlawful religious discrimination, to do so the statement itself must convey a discriminatory animus. See *Harrison v Olde Fin Corp*, 225 Mich App 601, 609-610; 572 NW2d 679 (1997). Nothing in Dobies's e-mail reflected hostility toward Pagan beliefs or evidenced religious bigotry aimed at non-Christians. Rather, by rhetorically asking Bormuth whether an individual who repeatedly called residents "Pagan scum" had "the temperament to serve ALL residents, no matter what their religious beliefs are," Dobies implied that disparaging followers of any religion was antithetical to the role of a city council member. Accordingly, neither the statements in the e-mail nor any other actions relied on by Bormuth qualify as direct evidence of unlawful discrimination.

Because Bormuth failed to present direct evidence of unlawful discrimination, we next apply the *McDonnell Douglas* framework to analyze any indirect evidence that Bormuth offered to support his claim. Using any indirect evidence, Bormuth must first establish a prima facie case of discrimination. He is unable to do so because he did not present *any* evidence supporting an inference that the decision to appoint Bunnell to the city council resulted from unlawful religious discrimination. For similar reasons previously discussed, the e-mail from Dobies fails to give rise

---

[4] To the extent that Bormuth claims religious discrimination in Dobies's failure to appoint Bormuth to other city boards, that claim is abandoned. "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003). Bormuth's brief lacks factual citations for these claims and merely makes conclusory statements of religious discrimination with respect to various appointments that Dobies made. We will not search for the factual basis to sustain Bormuth's claims. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 388; 689 NW2d 145 (2004). See also MCR 7.212(C)(7) ("Facts stated must be supported by specific page references to the transcript, the pleadings, or other document or paper filed with the trial court."). Accordingly, we decline to address any religious discrimination claim that does not pertain to the 2020 city council appointment.

to any inference of unlawful discrimination. Bormuth's argument merely speculates as to Dobies's intent, and the content of Dobies's e-mail does not create any reasonable inference of religious bias toward Paganism. Additionally, Bormuth failed to present evidence of disparate treatment because he and Bunnell did not have "nearly identical" qualifications for the vacancy, such that Bunnell was a "similarly situated" non-Pagan applicant. See *Hecht*, 499 Mich at 608. As Dobies explained in his deposition, Bormuth failed to exhibit the characteristics that Dobies looked for in a city councilperson, including an appropriate temperament and respect for others. Besides the inflammatory language that Bormuth used to describe Christians, he also argued with Councilperson Schlecte during his interview. Bunnell did not exhibit similar behavior toward council members, nor did she use aggressive rhetoric targeting a particular religious group. Therefore, Bormuth and Bunnell were not similarly situated applicants.

Bormuth further contends that defendants refused to appoint him to the city council based on his religious speech as a Pagan, that defendants believe that a Pagan who is critical of Christianity should not be appointed to public office, and that defendants cannot censure his speech. As Bormuth readily admits, he called individuals "evil Christian scum" at public meetings. Thus, Bormuth's argument essentially posits that defendants may not consider his religious opinions—regardless of any offensive statements they may contain—when deciding which candidate is the best choice for a position on the city council. Bormuth's theory conflates his right of free speech to criticize Christianity with the city council's ability to consider that speech when voting to fill a vacancy. Accepting Bormuth's argument could render a public employer's consideration of an applicant's incendiary language about religion violative of religious antidiscrimination laws. The law plainly does not require such a result. For those reasons, Bormuth failed to present any evidence supporting an inference of impermissible religious discrimination, and therefore cannot establish a prima facie case of unlawful discrimination.

Finally, even if we concluded that Bormuth had met his burden to establish a prima facie case, defendants provided many legitimate, nondiscriminatory reasons for not appointing Bormuth to the city council, and he has failed to offer any evidence that these reasons were pretextual. For example, Dobies testified that by calling others "Christian scum," Bormuth lacked the respect that "public officials need to have for each other and for the general public." It was entirely reasonable and legitimate for Dobies to conclude that Bormuth, who had expressed clear animus toward followers of Christianity, was not the best candidate for a public office that would require him to represent a wide range of constituents. Further, Councilperson Schlecte explained in her deposition that she did not nominate Bormuth for the vacancy because of an e-mail he sent her, in which he threatened to target her for recall if she voted for Bunnell. Bormuth also promised in the e-mail that he would "publicly attack[]" Bunnell at council meetings and "legally sue[]" Bunnell whenever there was a valid opportunity. Schlecte's consideration of this e-mail was a legitimate, nondiscriminatory basis to assess Bormuth's suitability for the council vacancy.

Considering all of the evidence, Bormuth's claim of religious discrimination fails. ELCRA prohibits employment discrimination "because of religion," MCL 37.2202(1)(a), and Bormuth failed to present any evidence to create a genuine issue of material fact that discriminatory animus motivated the decision not to appoint him. Bormuth's unsupported speculation that Dobies harbored religious animosity toward Pagans is insufficient to meet his evidentiary burden. See

*Cloverleaf Car Co*, 213 Mich App at 192-193.  Accordingly, defendants were entitled to summary disposition on Bormuth's claim of religious discrimination under the ELCRA.[5]

 Affirmed.

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ Kristina Robinson Garrett

---

[5] Bormuth also relies in part on MCL 37.2302(a), which prohibits "[d]eny[ing] an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or *public service* because of religion, race, color, national origin, age, sex, or marital status."  MCL 37.2302(a) (emphasis added).  Bormuth argues that appointment to the city council constitutes "public service," and he was denied equal enjoyment to this service on the basis of religious discrimination.  We decline to apply this provision to Bormuth's religious discrimination claim, particularly where a specific provision of the ELCRA addresses religious discrimination in employment.  See MCL 37.2202.  Regardless, even if we applied MCL 37.2302(a) to Bormuth's claim, defendants would remain entitled to summary disposition for the reasons explained in our opinion.