*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN BAILEY and NATALIE NEICE,

Plaintiffs-Appellants,

v

MF HOLDINGS INC., MF HOLDINGS LLC, FAIZ SIMON, PETER COSTA, MICHAEL PHILLIPS, YASIR ABULABAN, SKYLAR VETTESE, TERRY HANNING, EDI APPRAISAL SERVICES INC., and FREEDOM MORTGAGE CORPORATION,

Defendants-Appellees.

UNPUBLISHED
April 14, 2025
9:46 AM

No. 366211
Wayne Circuit Court
LC No. 22-008113-CZ

Before: GARRETT, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs purchased a property and sued defendants related to the condition of the property. The trial court granted summary disposition in defendants' favor. We affirm.

When searching for a property to purchase, plaintiffs worked with defendant Skyler Vettese, a real-estate agent with Keller Williams Advantage, and defendant Peter Costa, supervisory broker. Plaintiffs acknowledged in the buyer-agency contract that Vettese was "not acting as an attorney, tax advisor, surveyor, appraiser, environmental expert or structural or mechanical engineer," and they were not relying on the broker "to determine the suitability" of any property.

Plaintiffs became interested in a property owned by defendant MF Holdings LLC. Defendant Yasir Abulaban, a real-estate agent for Keller Williams Legacy, marketed the property, and defendant Michael Phillips, owner and broker of Keller Williams Legacy, was the listing broker. Plaintiffs received a seller's disclosure statement, on which all of the boxes with specific information were checked "unknown" and stated that the seller had never lived on the property.

Plaintiffs did not personally visit the property nor have it inspected. An appraisal provided a value of $200,000, and plaintiffs executed an agreement to purchase the property for $200,000.

Specifically, the purchase agreement included an "as-is condition," indicating that plaintiffs were "satisfied with the physical condition" of the property and that neither the seller, nor listing or selling brokers or their sales people, had made any representations about the property on which plaintiffs relied. The purchase agreement also contained a release provision, indicating that plaintiffs had the right to inspect the property and were releasing KW Advantage and its officers, directors, employees, and sales associates from any claims.

After closing, plaintiffs saw the property for the first time and noticed several defects, which they alleged were concealed and made the house uninhabitable. Plaintiffs sued defendants, alleging fraudulent misrepresentation, breach of contract, breach of implied covenant of good faith and fair dealing, violation of the Michigan Consumer Protection Act, and breach of fiduciary duty. Plaintiffs specifically alleged that defendants committed fraudulent misrepresentation by knowingly making, or causing to be made, misrepresentations about the condition of the property, upon which defendants intended that plaintiffs rely. Plaintiffs further alleged that defendants "alter[ed] the physical appearance of the property to support some of those misrepresentations." The trial court later dismissed defendants EDI Appraisal, Terry Hanning, and Freedom Mortgage Corporation, and plaintiffs have not appealed those orders.

Phillips and Abulaban moved for summary disposition under MCR 2.116(C)(10), arguing that they were not parties to the purchase agreement or the seller's disclosure statement. In response, plaintiffs argued that Phillips and Abulaban knew that the property was condemned at one time and was worth only its land value of $20,000, but they failed to disclose this, and, instead, conspired with other defendants. Plaintiffs attached their amended complaint and the purchase agreement as exhibits.

Costa and Vettese moved for summary disposition under MCR 2.116(C)(7), (8), and (10), arguing that the fraud claim was legally and factually deficient because plaintiffs failed to identify any misrepresentations by Costa or Vettese. According to Costa and Vettese, the purchase agreement indicated that defendants had not made any representations about the property conditions on which plaintiffs relied. Plaintiffs' response was nearly identical to their response to Phillips and Abulaban.

Faiz Simon, MF Holdings Inc., and MF Holdings LLC (the Simon defendants) also moved for summary disposition, under MCR 2.116(C)(8) and (10), arguing that the fraudulent-misrepresentation claim lacked specificity and factual support. The Simon defendants maintained that they fulfilled their duty to answer the seller's disclosure statement truthfully, and plaintiffs acknowledged that they were purchasing the property "as is." Plaintiffs did not respond to this motion.

The trial court granted all three motions on each ground requested. Plaintiffs now appeal on their claim of fraudulent misrepresentation.

Plaintiffs only challenge the trial court's rulings under MCR 2.116(C)(10). Notably, Phillips and Abulaban were the only defendants who solely moved for summary disposition under MCR 2.116(C)(10). The trial court also granted summary disposition for the Simon defendants under MCR 2.116(C)(8), and for Costa and Vettese under MCR 2.116(C)(7) and (8), but plaintiffs do not dispute those findings. "When an appellant fails to dispute the basis of a lower court's

ruling, we need not even consider granting the relief being sought by the appellant." *Denhof v Challa*, 311 Mich App 499, 521; 876 NW2d 266 (2015).

Regardless, the trial court properly granted summary disposition. "We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020). When deciding a motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party. *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Id.* A claim for fraudulent misrepresentation requires a plaintiff to show the following:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; and (6) the plaintiff suffered damage. [*Bergen v Baker*, 264 Mich App 376, 382; 691 NW2d 770 (2004) (cleaned up).]

Plaintiffs claim that there are material questions of fact that preclude summary disposition under MCR 2.116(C)(10), but plaintiffs presented no evidence to show that any defendant made any false representation. After defendants moved for summary disposition, demonstrating that there was no genuine question of material fact, the burden shifted to plaintiffs to establish that a genuine issue of material fact existed. See *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). Plaintiffs provided nothing to the trial court to establish any question of fact.

Although plaintiffs alleged that the property had been condemned at one point and that the property had an actual value of $20,000, they failed to support these assertions with any evidence. The only evidence related to the property's value was the appraisal estimating the value at $200,000. "A party opposing a motion for summary disposition must present more than conjecture and speculation to meet its burden of providing evidentiary proof establishing a genuine issue of material fact." *Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 192-193; 540 NW2d 297 (1995). Likewise, on appeal, plaintiffs cursorily assert that there are material questions, without specifying what evidence there is to create such questions.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle